**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 28, 2011

No. 10-60800

Lyle W. Cayce
Clerk

TISHOMINGO RAILROAD COMPANY, INCORPORATED; MISSISSIPPI CENTRAL RAILROAD COMPANY; R. BRUCE CRAWFORD, Individually,

Plaintiffs - Appellants

v.

BELLSOUTH TELECOMMUNICATIONS, INC.,

Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-343

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tishomingo Railroad Company (TRC), *et al.*, contest: the judgment, following a bench trial, rejecting their claims against BellSouth, arising out of a dispute over telecommunications rights along a railroad right-of-way; and the costs award to BellSouth. For the reasons that follow, the challenges fail.

In 1999, following transactions between other entities, including NASA, TRC began pursuing both exclusive railroad-operating authority and exclusive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60800

telecommunications rights along an abandoned railroad line owned by the State of Mississippi. TRC and the State entered into a memorandum of understanding, which granted TRC exclusive railroad-operating authority but noted the need for a complete lease agreement.  TRC and the State, however, never executed that agreement, due, in part, to the State's desire to make any lease subject to preexisting easements along the right-of-way. And, no agreement was reached regarding exclusive telecommunications rights.

In 2000, TRC installed a conduit to house fiberoptic cable along the railroad right-of-way; it subsequently sold the conduit to BellSouth. There was no mention of BellSouth's needing an easement or being obligated to pay licensing fees, in part because BellSouth believed it owned preexisting rights-of-entry acquired from NASA and through Chapter 38 of Mississippi's 1886 Act ("An act to encourage and facilitate the construction of telegraph, telephone, and other like lines in the State of Mississippi." *Southern Bell v. City of Meridian*, 131 So. 2d 666, 668 (Miss. 1961)).

In 2001, with TRC's knowledge, BellSouth installed fiberoptic cable in its conduit. In 2004, TRC invoiced BellSouth for licensing fees, based on its use of the railroad right-of-way.

After BellSouth refused to pay, appellants filed this action in 2006. It was removed to federal court. Cross-motions for summary judgment were denied.

After a bench trial, the district court ruled in favor of BellSouth. In a very detailed opinion, the court rejected TRC's contention that it had a "lease" or other property interest giving it the right to charge fees to BellSouth and concluded, *inter alia*, that BellSouth was properly using the right-of-way due to: its express easement from NASA; an implied easement, arising out of BellSouth's purchase of the conduit; and the authority granted BellSouth through the 1886 Act. *Tishomingo R.R. Co., Inc., et al. v. BellSouth Telecomm., Inc.*, No. 1:06-CV-343, Memorandum Opinion (N.D. Miss. 21 Sept. 2010).

No. 10-60800

Following judgment, BellSouth was awarded costs. *Tishomingo R.R. Co., Inc., et al. v. BellSouth Telecomm., Inc.*, No. 1:06-CV-343, Memorandum Opinion and Order Adjudicating Contested Bill of Costs (N.D. Miss. 30 Dec. 2010).

Appellants contend, *inter alia*: the district court lacked subject-matter jurisdiction to consider the validity of the "lease" due to the exclusive jurisdiction of the Surface Transportation Board (STB); the conduit is not located on the NASA easement; in applying the 1886 Act, the district court misinterpreted the Act's scope, as pronounced in *City of Meridian*; an implied easement cannot arise where, as here, a grant of land has not taken place; BellSouth's activity constitutes an unlawful taking; it failed to join the State and Tishomingo County, who are necessary parties; and the court erred in awarding costs to BellSouth. BellSouth responds, *inter alia*: STB jurisdiction does not apply because the absence of a lease does not affect railroad-operating authority; appellants fail to show clear error in the district court's findings of fact; BellSouth possesses the authority to use the right-of-way; the action is barred by limitations; and appellants waived review of the costs award.

For essentially the reasons stated in the two above-described opinions of the district court, the judgment and costs award are AFFIRMED.